Dear Representative Webb,
¶ 0 This Office has received your request for an Attorney General Opinion addressing, in effect, the following questions:
1. If a business is required to adhere to certain OSHAregulations due to the nature of its operation, does 36 O.S.6701(A) (1998) require the insurer to provide safety servicesto meet those regulations?
 2. Are the services required in 36 O.S. 6701(A) (1998)required to be provided as part of the workers' compensationpremium, or may additional costs be charged for their rendering?
 3. What is the recourse of a business that has paid aprofessional consultant to perform these services because it wasnot aware such services were part of its workers' compensationinsurance policy?
¶ 1 Your questions concern the extent to which a workers' compensation insurer must go in an effort to provide its policyholder with a workplace safety plan and whether the cost of such plans can be passed on to the insured by increasing the premium. In order to answer your question, several provisions of the Oklahoma Insurance Code must be addressed.
¶ 2 Title 36 O.S. 6701(A) (1998) reads in pertinent part:
 1. By January 1, 1996, each insurance company that provides workers' compensation insurance or an equivalent insurance product in this state shall maintain or provide workplace safety services for its policyholders as a condition for approval by the Insurance Commissioner to write such insurance. Such services shall be adequate to implement workplace safety plans as required by the nature of its policyholders' operations and shall include but not be limited to surveys, recommendations, training programs, consultations, analyses of accident causes, industrial hygiene, and industrial health services. (emphasis added).
¶ 3 Your first question asks, in effect, whether Section 36O.S. 6701(A) requires a workers' compensation insurer to include in its workers' compensation safety service plan OSHA regulations if those regulations apply to a policyholder's business. The fundamental rule of statutory construction is to ascertain the intent of the legislature. See Jackson v. Independent SchoolDistrict No. 16, 648 P.2d 26, 29 (Okla. 1982). "In ascertaining such intent, we are to interpret the language of the entire act with a `reasonable and sensible construction'". City of Chandlerv. State ex rel. Dept. of Human Services, 839 P.2d 1352, 1354
(Okla. 1992). In this regard, Section 36 O.S. 6701(A)(1) requires an insurer to provide safety services that are "adequate to implement workplace safety plans as required by the nature ofits policyholder's operations." This language clearly suggests the legislative intent that the safety plans each be narrowly tailored to fit the needs of the business operation.
¶ 4 For the plan to be "adequate," an insurer would have to consider many different factors. Section 36 O.S. 6701(A)(1) provides a list of factors that may be considered by an insurer in the course of the development of a safety plan. However, this list is not exhaustive. Depending on the nature of the business, there may be other factors to consider in the formulation of a safety plan.
¶ 5 You have asked, specifically, if OSHA requirements must to be considered in a safety plan. The Occupational Safety Health Act ("Act"), which is codified at 29 U.S.C.A. 651-678, has as its purpose insuring that all employees have a safe working environment. See 29 U.S.C.A. 651(b). In this regard, the Act prescribes safety standards for businesses to follow to insure a safe workplace environment. These standards are enforced both by federal and state agencies. Since adherence to these standards is mandatory for those covered by OSHA, an employer must comply with them. Id. at 651(b)(3). The standards, therefore, become a part of the employer's safety requirements. An insurer then would be required to consider the OSHA requirements in the establishment of a safety plan for the employer.
¶ 6 Your second question asks whether an insurer can raise premiums to cover the expenses associated with the implementation of Title 36, Section 6701. The raising of insurance premium rates by an insurer is controlled by the Oklahoma Insurance Rating Act. See 36 O.S. 900.1-36 O.S. 942 (1991). The process involved is very complicated and entails the assessment of many factors.
¶ 7 However, to answer the question raised in your request, an extended analysis of the ratemaking process is not necessary; instead, a brief overview of the process will suffice. The ratemaking process occurs when insurers wish to raise the rates charged for their products. The rate increase requested must be justified to the Oklahoma State Board for Property and Casualty Rates. See 36 O.S. 331 (1991). The factors considered are many. However, one of the factors considered is the expense of operating the business. 36 O.S. 902.2 (1998). Expenses are defined as: "[t]hat portion of a rate attributable to acquisition, field supervision, collection expenses, general expenses, taxes, licenses and fees." 36 O.S. 901.5(B)(1) (1998). The cost associated with providing workplace safety plans to its insureds fall under this definition and would be an additional expense to be considered in a rate case.
¶ 8 The question then must be asked whether an insurer can include these additional expenses in a request for a rate increase to help defray the cost of providing workplace safety plans. Title 36, Section 6701 does not address this point. However, other statutory provisions make it clear that the expense associated with the implementation of Section 6701 may not be used as a basis to increase insurance premiums.
¶ 9 Title 36 O.S. 903.2(A) (1998), also passed in 1996, reads in pertinent part:
 No insurance company shall request and the State Board for Property and Casualty Rates shall not
approve an increase for the expense portion of insurance company rate filings based upon the requirements of Sections 11 through 14 of this act" (emphasis added).
¶ 10 Sections 11-14, to which Section 36 O.S. 903.2(A) refers, is Title 36 O.S. 6701, which mandates the workplace safety services. An insurer may not include as an expense, for ratemaking purposes, the cost associated with the implementation of Section 6701. We can reasonably assume that this language plainly expresses the view of the legislature that an insurer may not increase premiums of an employer to help defray the cost of establishing a workplace safety plan. See Jackson v. IndependentSchool District No. 16, 648 P.2d 26 (Okla. 1982).
¶ 11 Your third question asks whether there is recourse for a business that paid a private consultant to provide a workplace safety plan because it was not aware such services were part of its policy. As this question would require an interpretation of the insurance contract, as well as the making of other factual determinations, it is beyond the scope of this Opinion.
¶ 12 Section 36 O.S. 6701(B), however, requires an insurer to provide notice that workplace safety services are available to its policyholders. It also requires that this notice appear in bold print on the policy. See 36 O.S. 6701(B) (1998). By using the term "must" in Section 6701(B) the legislature made it clear that this language be included conspicuously on the insurance contract. If an insurer fails to comply with this requirement an insured may have a cause of action against it.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Pursuant to Title 36 O.S. 6701(A) (1998), an insurer mustprovide workplace safety services to meet those regulations whichwould include OSHA and any other regulations that apply due tothe nature of the business's operations.
 2. Pursuant to 36 O.S. 6701 (1998), an insurer may notassess an additional cost to an insured to pay for the additionalexpense of providing the services required in Title 36 O.S.6701(A).
 3. Pursuant to 36 O.S. 6701(B) (1998), a workers'compensation insurer must provide notice to the insured on thepolicy that workplace safety services are available to thepolicyholder. Failure to do so may result in a cause of actionagainst the insurer.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL